JAMES O. DRUKER*
SCOTT M. DRUKER

COUNSEL
HONORABLE JOHN L. KASE (Ret.)
PAULA SCHWARTZ FROME
ALAN G. KRAUT

* (MEMBER N.Y., MASS. & FLA BAR)
jlm@kaseanddrukerlaw.com
scott@kaseanddrukerlaw.com

*Kase & Druker*
*Counsellors at Law*
1325 Franklin Avenue
Suite 225
Garden City, N.Y. 11530

(516) 746-4300
FAX NO. (516) 742-9415

WESTCHESTER OFFICE
136 PALMER AVENUE
MAMARONECK, N.Y. 10543
(914) 834-4600

SARASOTA OFFICE
JAMES O. DRUKER
408 GULF OF MEXICO DRIVE
LONGBOAT KEY, FLORIDA 34228
(941) 383-3500

September 30, 2025

*Filed Via ECF*

Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    United States v. Kristian Rhein
                Case No. 20 CR 160 (MKV)

Dear Judge Vyskocil:

      I am writing on behalf of my client, Kristian Rhein to request a modification of my client's sentence in order to conform to the recent Second Circuit opinion in the case United States v. Seth Fischman et al Docket Number 22-1600-CR (September 22, 2025). In its opinion the Court of Appeals make it clear that neither restitution nor forfeiture was appropriate in this case.

      I.    REGARDING RESTITUTION

      At page 3 of its opinion, the Second Circuit stated that "the district court calculated the restitution amount based on a co-conspirator's stipulation that he won that amount in races with doped horses but the racetracks would have to pay out winnings regardless, and there is no evidence that they suffered any pecuniary loss. We conclude that the District Court exceeded its discretion when it ordered restitution to the race tracks". At page 44 of the opinion, the Court added that the District Court finding that the race tracks suffered any loss is impossible. "The racetracks could not have suffered a pecuniary loss because they would have paid the prize money to *someone* even if Navarro's horses had not used PEDs and won the races… we have previously held that where a purported victim would have paid the as losses in any event, a restitution award for these payments would result in an improper windfall"

*Kase & Druker*

[citing *United States v. Maynard*, 743 F 3rd 347,379 (2d. Cir. 2014]. There is insufficient evidence to support a finding that the racetracks suffered actual loss such that restitution is authorized."

II.   REGARDING FORFEITURE

At page 3 of its opinion as to forfeiture Circuit held that the provisions of the civil forfeiture statute 21 U.S.C. sec. 334 are not applicable to criminal forfeiture proceedings such as this. "This provision [sec. 334 (d)(1)] does not result in the confiscation of property or disgorgement of the fruits of illegal conduct, [citing *United States v. Ursery*, 518 U.S. 267 AT 284]. This provision does not result in the confiscation of property or disgorgement of the fruits of illegal conduct, nor does it impose an economic penalty for illegal behavior… Therefore, we conclude that Congress did not intend sec. 334 to operate as a civil forfeiture statute subject to enforcement in a criminal proceeding and the substitute property forfeiture provision".

III.   CONCLUSION

Since the Court of Appeals concluded that the District Court exceeded its discretion with regard to entering both forfeiture and restitution orders, it follows that Mr. Rhein should be entitled to the return of the funds that he was compelled to pay pursuant to the plea agreement. The government will likely argue that he is precluded from this relief because he did not appeal to the Second Circuit. We point out however that the terms of the plea agreement precluded any appeal that was not based upon the sentence being outside the agreed upon the sentencing guideline range. In any event we seriously doubt that the Court would stand behind the seizure and payment of more than a million dollars to which the "victim" and the government were not entitled.

Respectfully submitted,

James O. Druker

JOD:js